```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80189-CIV-RYSKAMP
                              MAGISTRATE JUDGE P. A. WHITE
```

HOWARD HENRY WITCHEL,            :

      Plaintiff,            :

v.                               :      REPORT OF
                                                   MAGISTRATE JUDGE
PALM BEACH COUNTY SHERIFF'S      :
DEPARTMENT, ET AL.,
                                 :
      Defendants.           :
_____

## I.  Introduction

The plaintiff, Howard Henry Witchel, currently confined in the Moore Haven Correctional Facility, has filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983.  [DE #1].  The plaintiff has been granted leave to proceed _in forma pauperis_. [DE# 4].

The plaintiff alleges that on May 13, 2002, Palm Beach County Deputy Sheriff Courtney Moore presented a probable cause affidavit to the state court which contained information from two minor children obtained without parental consent.  This affidavit formed the basis for the plaintiff's arrest.  On June 24, 2002 the State Attorney filed an application for an arrest warrant, which the state court granted on September 24, 2002, and the plaintiff was arrested.  The arresting officers did not investigate the allegations raised in the affidavit before arresting the plaintiff.  The plaintiff claims that the children, who were the alleged victims, later recanted their account, although he does not state that any charges were dropped or convictions overturned.[1]

---

[1] Records of the Florida Department of Corrections at its website indicate that the plaintiff is currently serving two

Liberally construed, the plaintiff appears to allege that Moore violated his constitutional rights on May 13, 2002 and an assistant state attorney violated his rights in June, 2002.

## II.  Analysis

For reasons discussed below, the complaint against the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

As amended, 28 U.S.C. §1915 reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> \*   \*   \*
>
> (B) the action or appeal --
>
> \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted...
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28

---

consecutive five year sentences for battery on a child, entered in July, 2004.

U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

A screening of this complaint reveals that it should be dismissed because the plaintiff filed the action beyond the applicable statute of limitations. A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from June 24, 2002 to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on February 21, 2008.[2]

---

[2] Although the complaint was actually filed on February 21, 2008, it is deemed filed on the date the plaintiff handed the

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations. In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989). Florida has a general tolling statute, Fla.Stat. §95.05l, but it does not toll limitations periods for prisoners.

---

document to prison officials for mailing to the Court. Unlike "free world" litigants, the date an incarcerated individual "files" a complaint is the date it is delivered to prison authorities for mailing. Garvey v. Vaughn, 993 F.2d 776 (11 Cir. 1993). The Garvey Court held that the so-called "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions, in Federal Tort Claims Act cases, and in Bivens actions. Id.

Thus, the length of the limitations period, determined by state law, is four years. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a). Because the plaintiff's injuries allegedly occurred at the latest in September, 2002, his last day to file a civil action was in September, 2006. The complaint in this case was filed on February 21, 2008, well beyond the expiration of the four year period of limitations.

Even assuming the plaintiff is attempting to raise a claim of malicious prosecution that may have extended to July, 2004, such a claim fails because the plaintiff does not allege that there has been a termination of criminal proceedings in his favor. A prima facie case of malicious prosecution under §1983 includes the following elements: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 882 (11 Cir. 2003)(citing Uboh v. Reno, 141 F.3d 1000, 1004 (11 Cir. 1998)). These elements are essentially the same as those required under Florida law to make out a state claim of malicious prosecution. E.g., Endacott v. Int'l Hospitality, Inc., 910 So.2d 915, 920 (Fla. 3d DCA 2005); Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002).

### III.   Conclusion

It is therefore recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that this case be

closed, as the instant action was filed well beyond the applicable four year statute of limitations.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Howard Henry Witchel, <u>Pro Se</u>
    DC No. W22075
    Moore Haven Correctional Facility
    P. O. Box 718501
    1900 East State Road 78 NW
    Moore Haven, FL 33471